

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00189-CR

Victor Manuel **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6059
Honorable Velia J. Meza, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 19, 2020

AFFIRMED

Victor Manuel Perez appeals his convictions for possession of less than one gram of cocaine, and one to four grams of heroin with intent to deliver. He argues there is legally insufficient evidence to support his convictions, and the trial court erred by denying his motions to suppress and for a directed verdict. We affirm the judgments of conviction.

## BACKGROUND

Perez was indicted for possession of cocaine and heroin. Perez pled not guilty, and the case proceeded to a jury trial. The trial court admitted into evidence footage from a body camera,

pictures, and the physical evidence of the drugs. Four witnesses testified for the State, including three officers with the San Antonio Police Department (SAPD) and a forensic scientist in the drug section of the Bexar County Crime Lab.

According to witness testimony, SAPD officers Steven Jordan and Brian Brietzke received a tip from an informant that narcotics were being sold at a laundromat on West Commerce Street. Both officers testified the location was known for narcotics trafficking. Officers Jordan and Brietzke, who were wearing plain clothes, established surveillance and saw Perez conduct several "hand to hand" transactions with pedestrians who had walked up to him over the course of fifteen to twenty minutes. Officer Jordan requested that a uniformed officer make contact with Perez.

SAPD officer Bryant Soldevila, who was wearing his uniform, arrived at the laundromat, and Perez then started walking away from Officer Soldevila. Officer Soldevila detained Perez, searched his pockets, and found a small baggie containing a substance in Perez's front right pocket. Four other small baggies were found on the ground near where Perez was standing. Officer Brietzke field tested the substance in each baggie. The substances in the baggies found on the ground consisted of cocaine and black-tar heroin, and the baggie found in Perez's pocket contained black-tar heroin.

During trial, defense counsel moved to suppress evidence from Officer Soldevila's search of Perez and moved for a directed verdict. The trial court denied the motions. The jury found Perez guilty of possession of cocaine and heroin, the trial court imposed Perez's sentences, and Perez filed a timely notice of appeal.

## DISCUSSION

Perez presents the following two issues on appeal: (1) "The evidence is legally insufficient to sustain a conviction and the trial court erred in denying Appellant's motion to suppress evidence and motion for directed verdict [under the U.S. Constitution];" and (2) "The evidence is legally

insufficient to sustain [a] conviction and the trial court erred in denying Appellant's motion to suppress evidence and motion for directed verdict [under the Texas Constitution]."

## A. Motion to Suppress & Motion for Directed Verdict

A point of error that is multifarious presents nothing for our review. *County v. State*, 812 S.W.2d 303, 308 (Tex. Crim. App. 1989). Furthermore, appellate briefs must contain a clear and concise argument in support of the issues presented, with appropriate citations to authority. TEX. R. APP. P. 38.1(i). Perez's issues challenge the denial of two separate motions and the legal sufficiency of the evidence; these are distinct legal issues. *See, e.g.*, *County*, 812 S.W.2d at 30 (holding an issue challenging an evidentiary ruling and sufficiency is multifarious). Furthermore, Perez's brief does not contain any arguments or cite appropriate authorities regarding the denial of his motion to suppress or motion for directed verdict. Because Perez's issues and arguments relate almost exclusively to the sufficiency of the evidence, we construe Perez's issues as challenging only the sufficiency of the evidence. We hold any issues about the denial of Perez's motions are waived. *See id.*

## B. Legal Sufficiency

In reviewing the evidence to determine whether it is legally sufficient to support a conviction, we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). It is the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*,

443 U.S. at 319. We determine "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012). "When the record supports conflicting inferences, [we] must presume [the jury] resolved the conflicts in favor of the prosecution and defer to that determination." *Id.*

Perez argues there is legally insufficient evidence showing he possessed cocaine and heroin because no evidence showed he possessed the baggies found on the ground and the substance in the bag found in his pocket was not tested again in a lab. *See* TEX. HEALTH & SAFETY CODE §§ 481.102, 481.115 (providing possession of heroin and cocaine are criminal offenses). "'Possession' means actual care, custody, control, or management." *Id.* § 481.002(38); *see Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). "When the contraband is not in the exclusive possession of the defendant, a fact finder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference." *Tate*, 500 S.W.3d at 413–14.

We consider a non-exclusive list of affirmative links indicating a defendant intentionally or knowingly possessed contraband: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotics; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large

amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id.* at 414 (citing *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006)). However, the ultimate test is "that set forth in *Jackson*: Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Id.* (citing 443 U.S. at 318-19).[1]

Perez was present at the laundromat when the baggies were found, and he was seen standing in an area of the parking lot behind the dumpsters, where the baggies were found on the ground. Once he saw Officer Soldevila, Perez started walking away, which could show consciousness of guilt. The other baggies found on the ground were in plain view. The cocaine and heroin found on the ground and the heroin found in Perez's pocket were packaged in the exact same manner; in baggies that were tied shut, rather than zipped, and the baggies were approximately the same size. The baggie in Perez's pocket contained black-tar heroin, as did two of the baggies found on the ground. Perez was observed making "hand to hand" transactions with other pedestrians at the location for fifteen to twenty minutes, and the evidence showed the location was known for narcotics trafficking. Although several other factors are not present, the existence of all factors is not required to meet the *Jackson* standard. *See id.* A jury could rationally infer from the evidence that Perez had possessed, but discarded, the baggies found on the ground. *See id.*

The evidence also shows the baggies found on the ground were tested again in a Bexar County lab by a forensic scientist. The heroin was measured at 1.515 grams, and the cocaine was

---

[1] Perez cites to Texas Code of Criminal Procedure article 38.141, which provides a person may not be convicted of an offense under Chapter 481 of the Health & Safety Code, such as possession of a controlled substance, based solely on the testimony of a person acting covertly on behalf of a law enforcement agency or under the color of law enforcement. TEX. CODE CRIM. PROC. Art. 38.141(a). This section does not apply to this case because the witnesses were not covert actors and the evidence showing Perez possessed the drugs did not consist solely of the testimony of such covert actors.

measured at .117 grams. Although the baggie found in Perez's pocket was not tested a second time, and in a lab, this consideration relates to the weight of the evidence. The evidence is legally sufficient to show Perez possessed the amounts of heroin and cocaine alleged in the indictment. *See id.*

## CONCLUSION

We affirm the judgments of conviction.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH